**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| GLORIA OLIVER, | ) | Case No.: 1:10-cv-2667 |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| v. | ) | |
| | ) | |
| ST. LUKE'S DIALYSIS, LLC dba | ) | |
| SHAKER SQUARE DIALYSIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT PETITION FOR REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441(a)-(c), and 1446, Defendants St. Luke's Dialysis, LLC; Davita Inc.; Renal Treatment Centers-Illinois, Inc.; Ann Vogt; and Janet Hutchins ("Defendants") hereby jointly remove to this Court the action brought by Plaintiff Gloria Oliver ("Plaintiff") in the Court of Common Pleas, Cuyahoga County, Ohio styled *Gloria Oliver v. St. Luke's Dialysis, LLC*, *et al.*, Case No. CV 10 739201 (the "State Action"). In support of this Petition for Removal, Defendants state as follows:

1. On or about October 15, 2010, Plaintiff filed the State Action in the Cuyahoga County Court of Common Pleas. A true and accurate copy of the State Action Complaint (the "Complaint") is attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a). No other pleadings or orders beyond those attached as Exhibit A were served in the Cuyahoga County Court of Common Pleas.

2. Plaintiff's Complaint asserts claims for damages under the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621, *et seq.* and under Ohio Revised Code ("R.C.") §§ 3319.02, 4112.02, *et seq.* and 4112.99, as well as a purported claim for "failure to train."

### The Process, Pleadings and Order Served Upon Defendants

3. Defendants St. Luke's Dialysis, LLC; Renal Treatment Centers-Illinois, Inc.; Ann Vogt; and Janet Hutchins were served with a copy of the Summons and Complaint via certified mail sent on October 25, 2010.

4. Defendant Davita Inc. was served with a copy of the Summons and Complaint via certified mail sent on October 26, 2010.

### Removal is Timely

5. Pursuant to 28 U.S.C. § 1446(b), Defendants now timely file this Petition for Removal. This Petition for Removal is timely under 28 U.S.C. § 1446(b) because fewer than thirty (30) days have elapsed since the last-served defendant was served with a copy of Plaintiff's Complaint. *See Brierly v. Alussuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999) (adopting the last-served defendant rule), *cert. denied*, 528 U.S. 1076 (2000).

### Unanimity and Consent

6. The undersigned certifies that each defendant joins in this Petition for Removal and consents to the removal of the State Action to this Court. *See Harper v. Auto Alliance International, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004) (requiring only that "at least one attorney of record" sign the notice and certify that the remaining defendants consent to removal); *see also City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp.2d 807 (N.D. Ohio 2008) (treating statement in notice of removal that all defendants have consented to removal as sufficient consent).

**Foundation for Jurisdiction – Federal Question**

7. The basis for this Court's jurisdiction is federal question under 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction, without regard to the amount in controversy, over all civil actions arising under the Constitution, laws, or treaties of the United States. This action is one over which the district courts of the United States have original jurisdiction because Plaintiff's ADEA claim arises under the laws of the United States. Therefore, under 28 U.S.C. §§ 1331 and 1441(a)-(c), this lawsuit may be removed to this Court.

8. With respect to Plaintiff's remaining state claims (*i.e.*, under R.C. §§3319.02, 4112.02, *et seq.* and 4112.99, as well as her purported claim for "failure to train"), those claims all are inextricably linked to the federal claim properly before this Court because they arise out of a common nucleus of operative facts. Therefore, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims so that all claims between these parties may be heard in one forum. *See* 28 U.S.C. § 1441(c).

**Venue is Proper**

9. The United States District Court for the Northern District of Ohio is the district embracing the place where this action is pending and where the events alleged in the Complaint purportedly occurred. Therefore, the civil action described above may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

**Notice Given**

10. Defendants have filed a true and correct copy of this Petition for Removal with the Clerk of Courts for the Cuyahoga County Court of Common Pleas, together with the Notice of Removal filed therein and served upon Plaintiff. 28 U.S.C. § 1446(d). A true and accurate

copy of Defendants' Notice of Removal filed with the Cuyahoga County Court of Common Pleas is attached as Exhibit B.

## Disclosure of Corporate Interests

11. Defendants separately file, contemporaneously herewith, their Joint Corporate Disclosure Statement.  Fed. R. Civ. P. 7.1; N.D. Loc. R. 3.13(b).

12. By filing this Petition for Removal, Defendants do not waive any defenses that may be available.

13. Defendants request that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of further proceedings in the state court, in accordance with the law.

WHEREFORE, Defendants file this Petition for Removal so that the entire State Action, Case No. CV 10 739201, now pending in Cuyahoga County Court of Common Pleas shall be removed to this Court for all further proceedings.

Dated:  November 23, 2010.

Respectfully submitted,

/s/ *Josephine S. Noble*
Bruce G. Hearey, Esq. (#0056176)
Josephine S. Noble, Esq. (#0078410)
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
127 Public Square
4130 Key Tower
Cleveland, OH 44114
Ph: 216.241.6100
Fax: 216.357.4733
Email: bruce.hearey@ogletreedeakins.com
josephine.noble@ogletreedeakins.com

*Attorneys for Defendants St. Luke's Dialysis, LLC; Davita Inc.; Renal Treatment Centers-Illinois, Inc.; Ann Vogt; and Janet Hutchins*

**CERTIFICATE OF SERVICE**

This is to certify that on this 23rd day of November 2010 a true and correct copy of the foregoing was served via First Class U.S. mail, postage pre-paid upon the following:

Gloria Oliver
12800 Lenacrave Avenue
Cleveland, OH 44105
*Pro Se*

/s/ *Josephine S. Noble*
Josephine S. Noble, Esq. (#0078410)
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
127 Public Square
4130 Key Tower
Cleveland, OH  44114
Ph:   216.241.6100
Fax:  216.357.4733
Email:  josephine.noble@ogletreedeakins.com

*One of the Attorneys for Defendants St. Luke's Dialysis, LLC; Davita Inc.; Renal Treatment Centers-Illinois, Inc.; Ann Vogt; and Janet Hutchins*

9440761.1 (OGLETREE)