# EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CIVIL DIVISION

2010 OCT 15 P 2: 52

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

GLORIA OLIVER
12800 Lenacrave Avenue
Cleveland, OH 44105

CASE NO.

Complaint
EILEEN A GALLAGHER
CV 10 739201

vs.

JUDGE:___

ST. LUKE'S DIALYSIS, LLC
DBA SHAKER SQUARE DIALYSIS
12800 Shaker Blvd.
Cleveland, OH 44120

and

DAVITA, INC.
601 Hawaii Street
El Segundo, CA 90245

## CIVIL COMPLAINT
(Jury Demand Endorsed Herein)

and

Renal Treatment Centers-Illinois, Inc,
West Union Dialysis
405 Highway 150 N
West Union, IA 52175-1003

And

ANN VOGT
12800 Shaker Blvd.
Cleveland, OH 44120

and

JANET HUTCHINS
12800 Shaker Blvd.
Cleveland, OH 44120

Defendants.

Now comes Plaintiff Gloria Oliver, and for a Complaint against Defendants, states and alleges the following.

## JURISDICTION

This court has jurisdiction to hear all matters in violation of Ohio statute include violations under sections 3319.02, 4112.02(A), 4112.14 and 4112.99 of the Ohio Revised Code. Moreover, the violations occurred within the County of Cuyahoga and state of Ohio.

## PARTIES

1. At all times relevant herein, Defendants RENAL TREATMENT CENTERS-ILLINOIS, INC, DAVITA, INC., formerly St. Luke's Dialysis, LLC, and or DBA SHAKER SQUARE DIALYSIS jointly and or individually conducted business activity in Cuyahoga County by operating a chronic kidney dialysis treatment center in this city, including but not limited to Cleveland, Ohio, and in 43 other states.

2. At all times relevant herein, Defendant JANET HUTCHINS was the Facility Administrator for Defendant DBA Shaker Square Dialysis (SSD) and Plaintiff's direct supervisor.

3. At all times relevant herein, Defendant ANN VOGT was the Regional Operation Director for Defendant DBA Shaker Square Dialysis and was Plaintiff's general supervisor.

4. At t all times relevant herein, Plaintiff GLORIA OLIVER was an employee for corporate Defendants being hired on or about August 1, 2007 as a Patient Care Technician.

## VENUE

5. Venue properly lies in this Court, as several events relevant to the claims brought herein took place in Cuyahoga County, Defendant DBA Shaker Square Dialysis operates at least one center in Cuyahoga County, and upon information and belief, Plaintiff and several if not all employees named as Defendants resides in Cuyahoga County.

## FACTUAL ALLEGATIONS

6. On August 1, 2007 Defendants herein hired Plaintiff a then 49 year old single woman, of African American ancestry to work as a technician for Defendants.

7. At all times herein, Plaintiff was employed by Defendant DBA Shaker Square Dialysis after its acquisition from St. Luke's Dialysis, whom Plaintiff had been employed by since 1999.

8. On or about August, 2007, Defendants acquired St. Luke's Dialysis and begin doing business as Shaker Square Dialysis. After its acquisition it interviewed several employees and elected to keep Plaintiff for hire as part of its acquisition.

9. Defendants agreed to pay Plaintiff at a rate equal to her former wage earned at St. Luke's Dialysis her former employee. Plaintiff consistently maintained a good work record, and value to Defendants' company with her experience in dialysis treatment and having the ability to train others.

10. On September 15, 2009, Plaintiff's employment was terminated from Shaker Square Dialysis aka Davita, Inc. for an incident wherein she was alleged to have used profanity and threatened a patient. The incident was also alleged to have occurred to have taken place while Plaintiff was training two other new and younger employees.

11. After her termination, Plaintiff retained *Attorney Donald R. Murphy* for legal consulting and to negotiate her re-instatement of employment, which was denied. Then, she filed a charge against Defendants with the Ohio Civil Rights Commission conjunctively with the EEOC. Investigator Beatrice R. Sanchez-Jones began an investigation of the facts, which culminated in a finding of no probable cause and issuance of a right to sue within 90 DAYS mailed on Thursday, July 15, 2010, and received by Plaintiff on Monday, July 19, 2010. See *EXHIBIT A*, Right to Sue Letter, as attached hereto.

12. During the investigation Plaintiff alleged that she was discriminated against based upon her age and female gender.

13. While Plaintiff was employed by the St. Luke's Dialysis, Defendants, and their agents took discriminatory actions toward Plaintiff and took several offensive and discriminatory actions, and comments against her in their termination.

## COUNT ONE

(AGE DISCRIMINATION IN VIOLATION OF THE ADEA, and O.R.C. §4112.02,)

14. Plaintiff re-avers and re-alleges each and every paragraph above (1) through (13) as if fully written herein.

15. Defendants actions constitute age discrimination against Plaintiff in violation of Ohio Revised Code §4112.02 for which Plaintiff seeks compensatory and punitive damages from Defendants, including damages for emotional distress, attorney's fees, costs and interests, in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00).

16. Plaintiff hereby restates that she was the age of 51 when she was terminated from her place of employment on September of 2009. Plaintiff was replaced by a younger employee. Plaintiff was repeatedly subjected to inappropriate comments by Defendant Hutchins in violation of Davita' policy, Defendant's Hutchin's behavior and Defendant's Ann Vogt and incorporated Defendants failure to train created a hostile work environment.

17. By treating Plaintiff different than similarly situated younger employees with regards to performance and disciplinary matters, Defendants have violated the ADEA, and O.R.C. §4112.02, and liable to Plaintiff.

4

18. All of the actions and inactions complained of herein were done by Defendants and their agents with callous and reckless indifference to Plaintiff's rights under Ohio Revised Code §4112.02(A)

19. Plaintiff has a remedy under Ohio Revised Code §4112.99.

20. Defendants' actions and inactions complained of were so egregious, reckless, willful, and deliberate that Plaintiff is entitled to the highest award of compensatory and punitive damages under the provisions of the Ohio Civil Rights Act.

## COUNT TWO

### (Race Discrimination)

21. Plaintiff re-avers and re-alleges each and every paragraph (1) through (20) above as if fully written herein.

22. The conduct described herein above constitutes racial discrimination.

23. The racial discriminatory conduct described above was engaged in recklessly, maliciously and intentionally.

24. The racial discriminatory conduct was unwelcome and unreasonably interfered with Plaintiff's work performance and created an intimidating, offensive, and racially divided work environment.

25. The racial discriminatory conduct was based upon the fact that each time Plaintiff a member of the black race was not treated equal to Tim Rhein a male and member of the white race who was less than qualified.

26. Defendants failed to provide Plaintiff with a work environment free of racial discrimination.

27. The actions and inactions of Defendants are in violation of the rights guaranteed under Ohio Revised Code §4112.02(A). Plaintiff has a remedy under Ohio Revised Code §4112.99.

28. Defendants' actions and inactions complained of were so egregious, reckless, willful, and deliberate that Plaintiff is entitled to an award of compensatory and punitive damages under the provisions of the Ohio Civil Rights Act.

29. As a result of the foregoing actions of Defendants, Plaintiff has suffered damages including but not limited to mental anguish.

## COUNT THREE

### (Failure to Train)

30. Finally Plaintiff incorporates the aforementioned paragraphs (1) through (29) within this Complaint as if fully re-written.

31. Defendants Davita, Inc., Renal Treatment Centers-Illinois, Inc, failed in its duty to train its employee supervisors in its policy to make decisions without regard to race, or any other factor protected by law.

32. Defendants failed in its duty to train its supervisors to apply the same principal of fairness to all employees without regard to age, gender, and race any other factor protected by law.

33. Defendants Renal Treatment Centers-Illinois, Inc, Davita, Inc., formerly St. Luke's Dialysis, LLC, and or DBA Shaker Square Dialysis was derelict in its duty to train, educate and supervise its employees. As a direct and proximate result of the foregoing failure to train its employees and compensate

WHEREFORE, Plaintiff demands the following relief:

A *jury trial* to determine the amount **in excess of $25,000** in *compensatory damages* **and in excess of $25,000** in *punitive damages* with:

A. Award Plaintiff lost *front pay, and back pay, with interest*;

B. Award Plaintiff *Attorney fees* and other associated costs, and disbursements;

C. Grant Plaintiff *any and all additional relief* that this Honorable Court finds appropriate.

 

Respectfully submitted,

*[signature]*

GLORIA OLIVER
12800 Lenacrave Avenue
Cleveland, OH 44105

*In pro se*

7