UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
GLORIA OLIVER,                                  :        CASE NO. 1:10-CV-2667
                                                :
                    Plaintiff,                  :
                                                :
          v.                                    :        OPINION AND ORDER
                                                :        [Resolving Doc. No. 4.]
ST. LUKE'S DIALYSIS, LLC d/b/a                  :
SHAKER SQUARE DIALYSIS, *et al.*,               :
                                                :
                    Defendants.                 :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this age, race, and gender discrimination suit, Defendants St. Luke's Dialysis, Davita,
Inc., Renal Treatment Centers-Illinois, Inc., Janet Hutchinson, and Ann Vogt move, under to
dismiss several of Plaintiff Gloria Oliver's claims for failure to state a claim upon which relief
can be granted. [Doc. 4]; Fed. R. Civ. P. 12(b)(6).  The Defendants alternatively move for a more
definite statement of Oliver's gender discrimination claims. [*Id*]; Fed. R. Civ. P. 12(e).  Oliver
opposes. [Doc. 20.]

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the
Defendant's motion to dismiss, and **GRANTS** the Defendants' motion for a more definite
statement.

## I. Background

Plaintiff Oliver brings this discrimination and failure to train action against her former
employer St. Luke's Dialysis, LLC, and its parent companies, Davita, Inc. and Renal Treatment

Case No. 1:10-CV-2667
Gwin, J.

Centers-Illinois, Inc.  Oliver also sues her direct and general supervisors at St. Luke's Dialysis, Janet

Hutchinson and Ann Vogt. [Doc. 1-1.] Oliver says that the Defendants' decision to fire her was

improperly based on her age, race, and gender.  Oliver also alleges that Defendants Davita and Renal

Treatment Centers-Illinois failed to train its employees and supervisors in nondiscriminatory

practices. [*Id.*]

Oliver, an African American woman, says she began working for St. Luke's Dialysis in 1999.

Oliver says that when the Defendants acquired St. Luke's in 2007, they hired her as a technician, at

the same pay level, as part of that acquisition. [Doc. 1-1 at 4.] Oliver says she was 49 years old at

the time. [*Id.*]

Oliver alleges that on September 15, 2009, the Defendants fired her for using profanity and

for threatening a patient.  She says her discharge occurred while she was training two younger

employees. [*Id.*] Oliver alleges that she tried, unsuccessfully, to negotiate her reinstatement at St.

Luke's Dialysis, and then filed a discrimination charge against the Defendants with the Ohio Civil

Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC).  Oliver

says she alleged age and gender discrimination during the OCRC/EEOC investigation.  [Doc. 1-1

at 5.] Oliver says this investigation culminated with a finding of no probable cause, and that she

received a right-to-sue letter from the OCRC/EEOC on July 19, 2010. [Doc. 1-1 at 4.]

On October 15, 2010, Oliver filed her complaint, *pro se*, in the instant suit.  Oliver's

complaint asserts three causes of action: (1) age discrimination in violation of the Age

Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*, and Ohio Revised Code §§ 4112.02 and

4112.99; (2) racial discrimination in violation of Ohio Revised Code § 4112.02; and (3) failure to

train. [Doc. 1-1.] In her complaint, Oliver also refers to gender discrimination and to violations of

Case No. 1:10-CV-2667
Gwin, J.

Ohio Revised Code § 3319.02. [*Id.*]

The Defendants now move to dismiss several of Oliver's claims.  They first argue that Oliver elected to file an age discrimination charge with the OCRC and under Ohio's election of remedies scheme, cannot bring this civil age discrimination claim. Second, the Defendants say that because the Age Discrimination in Employment Act does not provide for individual liability, Oliver cannot bring a federal age discrimination claim against Defendants Hutchins and Vogt in their personal capacities.  Third, the Defendants argue that any claims Oliver brings under O.R.C. § 3319.02 must be dismissed because § 3319.02 does not apply to the facts of this case.  Fourth, the Defendants move to dismiss Oliver's failure to train allegations for failure to state a claim.  Fifth, the Defendants seek dismissal of Oliver's gender discrimination claims for Oliver's failure to plead facts supporting those claims.  The Defendants add that Oliver's failure to exhaust her administrative remedies bars her Title VII gender discrimination claim.  Finally, the Defendants move to dismiss all of Oliver's claims against Defendants Davita and Renal Treatment Centers-Illinois, arguing that Oliver fails to plead sufficient facts to support an alter ego theory of liability. [Doc. 4-1.]

Oliver—represented by counsel in her opposition to the motion to dismiss—responds that her complaint is sufficient under the lenient pleading standard afforded *pro se* litigants. [Doc. 20.]

## II. Legal Standard

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

-3-

Case No. 1:10-CV-2667
Gwin, J.

(2009) (citations omitted).

A court may grant a motion to dismiss for failure to state a claim only when "it appears beyond doubt" that the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.* "[A] court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Id.* at 1949-51. When considering a motion to dismiss a *pro se* litigant's allegations, courts construe a *pro se* complaint liberally, holding it to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a *pro se* complaint must still meet Rule 8's minimum requirement of a "short and plain statement" showing entitlement to relief. Fed. R. Civ. P. 8(a)(2).

In deciding a motion to dismiss under Rule 12(b)(6), courts may not consider matters beyond the pleadings. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)). When considering a motion to dismiss for lack of subject matter jurisdiction, however, courts "may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). Upon a motion to dismiss for lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Id.* (citing *Moir v. Greater Cleveland Reg'l Transit*

-4-

Case No. 1:10-CV-2667
Gwin, J.

*Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

Additionally, upon a defendant's motion under Rule 12(e), a district court may require a more definite statement where a pleading is "so vague or ambiguous that the [defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) provides defendants with a remedy for inadequate complaints that, by failing to meet the minimum pleading standards of Rule 8, would seriously prejudice the defendants in their attempt to answer. However, because of their dilatory effect, motions for a more definite statement are generally disfavored. Where a "complaint meets the notice pleading standard of Rule 8, the motion [for a more definite statement] should be denied." *Watson v. City of Eastlake*, No. 10-cv-1975, 2010 WL 3860606, at *1 (N.D. Ohio Sept. 29, 2010).

### III. Analysis

#### A. Election of Remedies

The Defendants first argue that Oliver's state law age discrimination claim, brought under Ohio Revised Code § 4112.99, is barred because, under Ohio's statutory election of remedies scheme, Oliver's previously-filed age discrimination OCRC/EEOC charge precludes her from now bringing an age discrimination suit under Ohio state law. [Doc. 4-1 at 6.]

Where a plaintiff claims age discrimination, Ohio statutes provides four avenues for relief: (1) O.R.C. § 4112.14(B), which allows civil suit where an otherwise able employee aged forty or older is discharged without cause, in violation of O.R.C. § 4112.14(A); (2) O.R.C. § 4112.02(N), which allows civil suit where an employee has been discharged based on age, in violation of O.R.C. § 4112.02(A); (3) O.R.C. § 4112.05, which permits aggrieved employees to file an age discrimination charge with the OCRC; and (4) O.R.C. § 4112.99, which provides for civil action for

Case No. 1:10-CV-2667
Gwin, J.

any violation of Chapter 4112. The first three of these statutory sections contain an election of remedies provision, making these remedies expressly exclusive. *Hillery v. Fifth Third Bank*, No. 2:08CV1045, 2009 WL 1322304, at *2 (S.D. Ohio May 11, 2009). Additionally, courts in this Circuit, applying Ohio law, have concluded that age discrimination claims brought under § 4112.99 are subject to this election of remedies scheme. *Id.* at *4-5; *see also Senter v. Hillside Acres Nursing Ctr. of Willard*, 335 F. Supp. 2d 836, 851 (N.D. Ohio 2004). Thus where, as here, a plaintiff files an age discrimination charge with the OCRC, Ohio's election of remedies framework precludes her from later bringing civil suit under § 4112.99.

Several exceptions apply to this scheme. These exceptions permit a plaintiff to bring a state law age discrimination claim despite filing an OCRC charge if she: (1) expressly indicates in the OCRC charge that she is filing for procedural purposes only; (2) actually files the OCRC charge only for procedural purposes; (3) files the OCRC charge after filing the lawsuit; or (4) files the OCRC charge and the lawsuit contemporaneously. *Hillery*, 2009 WL 1322304, at *3.

The Defendants argue that none of these exceptions apply here, and that Oliver's OCRC charge thereby bars her state law age discrimination claim. To this end, the Defendants say that in her OCRC charge, Oliver checked a box acknowledging that filing the charge would preclude any later civil action. [Doc. 4-1 at 7.] The Defendants attach Oliver's OCRC charge as an exhibit to their motion to dismiss. Yet because the Court cannot look beyond the scope of the pleadings on a motion to dismiss for failure to state a claim, *Hensley*, 579 F.3d at 613, this argument is misplaced.[1]

---

[1]The Court has found no clear precedent or other indication that this election of remedies scheme erects a barrier to federal subject matter jurisdiction over a plaintiff's claims. The Court doubts that a state's statutory election of remedies scheme could be used to deprive a federal court of subject matter jurisdiction. Accordingly, the Court may not consider Oliver's OCRC charge, filed as an exhibit to the Defendants' motion to dismiss, because it is evidence beyond the pleadings.

Case No. 1:10-CV-2667
Gwin, J.

Absent such evidence, the pleadings do not conclusively show that Oliver's claim falls under

any exception to the election of remedies scheme.  However, because Oliver argues that she properly

initiated an age discrimination suit pursuant to a right-to-sue letter from the OCRC and EEOC, [Doc.

1-1 at 4; Doc. 20 at 4]—and because her *pro se* complaint is entitled to liberal construction,

*Erickson*, 551 U.S. at 94—the Court finds that Oliver has, for the limited purposes of this motion

to dismiss, stated an age discrimination claim under Ohio state law.  The Defendants' argument to

the contrary is one better considered on a motion for summary judgment, where the Court may have

the benefit of considering evidence on this issue from both parties.  The Court thus denies the

Defendants' motion to dismiss Oliver's state law age discrimination claim.

### B. Individual Liability under the ADEA

Second, the Defendants argue that because individuals cannot be held liable under the Age

Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*, the Court must dismiss

Oliver's federal age discrimination claims against Defendants Hutchins and Vogt in their personal

capacities.  [Doc. 4-1 at 7.]

The ADEA makes it unlawful for employers to discriminate against individuals on the basis

of age.  29 U.S.C. § 623.  The Act defines "employer" as "a person engaged in an industry affecting

commerce who has twenty or more employees for each working day in each of twenty or more

calendar weeks in the preceding calendar year . . . [and] any agent of such a person[.]"  29 U.S.C.

§ 630(a).  The Sixth Circuit has concluded that this language does not provide for individual liability.

*Sabouri v. Ohio Dep't of Educ.*, No. 96-4331, 1998 WL 57337, at *2 (6th Cir. Feb. 2, 1998) (citing

*Stults v. Conoco*, 76 F.3d 651, 655 (5th Cir. 1996)).  The Court therefore dismisses Oliver's age

discrimination claims to the extent Oliver seeks individual liability under the ADEA.

-7-

Case No. 1:10-CV-2667
Gwin, J.

### C. O.R.C. § 3319.02

Third, the Defendants contend that to the extent Oliver asserts a claim under Ohio Revised Code § 3319.02, the Court must dismiss that claim as inapplicable to this case. [Doc. 4-1 at 9.] Section 3319.02 regulates the appointment of assistant superintendents and other administrators in Ohio schools, and defines "other administrator" for the purposes of that section.  O.R.C. § 3319.02. Oliver concedes that this section does not apply to any of her allegations against the Defendants. [Doc. 20 at 5.]  Accordingly, the Court dismisses this claim.

### D. Failure to Train

Fourth, the Defendants challenge Oliver's failure to train allegation, saying that Oliver pleads no facts that could plausibly support an entitlement to relief under this claim. [Doc. 4-1 at 8.]

Oliver's complaint states no factual matter that, if accepted as true, would state a claim for failure to train.  The complaint offers only the legal conclusion that the Defendants failed in their duty to train, educate, or supervise employees to make decisions on a nondiscriminatory basis. [Doc. 1-1 at ¶¶ 31, 32, 33.] Even when responding to the Defendants' motion to dismiss this claim, Oliver simply restates her conclusion that "Defendant Davita's failure to train Hutchins and Vogt is the end result of these individuals['] discriminatory acts against Plaintiff and possibly other employees." [Doc 20 at 4.] Not only do these conclusory statements fail to make more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," but they also fail to suggest "more than a sheer possibility that the [Defendants have] acted unlawfully." *Iqbal*, 129 S. Ct. 1937 at 1949.  The Court thus dismisses Oliver's failure to train claim.

### E. Sex Discrimination Claims

The Defendants next argue that to the extent Oliver asserts a gender discrimination claim,

Case No. 1:10-CV-2667
Gwin, J.

the "two vague references to gender discrimination" in her complaint are insufficient to state such a claim. [Doc. 4-1 at 10.] The Defendants add that Oliver's federal Title VII discrimination claim must be dismissed for Oliver's failure to satisfy Title VII's administrative exhaustion requirements.[2] [*Id.* at 11.] Alternatively, should the Court find Oliver's complaint sufficient to state a gender discrimination claim, the Defendants move for a more definite statement of that claim. [*Id* at 10.]

In response to the motion to dismiss, Oliver clarifies her gender discrimination claim as one brought under Title VII, 42 U.S.C. § 1981, and O.R.C. § 4112.02.  She says her essential "assertion is that a white male co-employee committed egregious acts of using profanity and threatening others in the work place.  Consequently, the white male co-employee was not reprimanded and terminated as was Plaintiff[,] an African American female."  [Doc. 20 at 5.] Oliver also says that she exhausted administrative remedies on her gender discrimination claim by filing a charge with the Ohio Civil Rights Commission and obtaining a right-to-sue letter. [*Id.*]

Oliver makes no allegations in her complaint that the Defendants discriminated against her because of gender.  In her complaint, Oliver alleges only that she previously brought an Ohio Civil Rights Commission charge of age and gender discrimination, [Doc. 1-1 at 5], and that the "Defendants failed in [their] duty to train [their] supervisors to apply the same principle of fairness to all employees without regard to age, gender, and race," [Doc. 1-1 at 7].  Even taking a liberal view of Oliver's *pro se* pleadings, the complaint provides no support for a gender discrimination claim under either federal or state law.

However, the factual allegations Oliver makes in opposition to the Defendants' motion  may

---

[2]Because exhaustion of administrative remedies is a jurisdictional hurdle to bringing a Title VII claim in federal court, *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 379 (6th Cir. 2002), the Court construes the Defendants' motion to this end as a motion to dismiss for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1).

Case No. 1:10-CV-2667
Gwin, J.

support her gender discrimination claim under 42 U.S.C. § 1981 or under Ohio state law.  Though

Oliver does not explicitly label them as such, the Court construes these factual allegations as an

attempt to provide a more definite statement or to amend the complaint.  The Court thus grants the

Defendants' motion for a more definite statement, and grants Oliver leave to amend her complaint

to include any factual allegations supporting a gender discrimination claim under § 1981 and state

law that may be pled in good faith.  *See* Fed. R. Civ. P. 15(a) (courts should freely give leave to

amend); *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (noting Rule 15's "liberal policy of

permitting amendments to ensure the determination of claims on their merits").  Absent such

amendment to her complaint, Oliver's gender discrimination claims will be dismissed.

Yet even if Oliver had sufficiently pled a gender discrimination claim, her Title VII claim

nonetheless fails.  Because Oliver has not shown that she exhausted her administrative remedies on

a gender discrimination claim, as required under Title VII, Court dismisses this claim for lack of

subject matter jurisdiction.  *See* *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 379 (6th

Cir. 2002) ("It is well settled that courts do not have subject matter jurisdiction to hear Title VII

claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be

reasonably expected to grow out of the EEOC charge.") (quoting *Strouss v. Mich. Dep't of Corr.*,

250 F.3d 336, 342 (6th Cir. 2001)).  Though Oliver alleges that age and gender discrimination claims

were investigated as part of her OCRC claim, [Doc. 1-1 at 5], the OCRC charge indicates only that

Oliver claimed age discrimination.  On the charge, Oliver checked a box indicating discrimination

based on "age," but did not check the box marked "sex." [Doc. 4-2.] And, in the factual allegations

included in the charge, Oliver alleged that two younger employees—one male and one female—used

-10-

Case No. 1:10-CV-2667
Gwin, J.

profanity in front of patients but were not disciplined or discharged.[3] [*Id.*] She does not allege that

the younger male employee was treated differently because of his gender.

Oliver makes no other argument, and provides no other evidence, to suggest that her OCRC

charge included a gender discrimination claim—or that such claim could be reasonably expected to

grow out of the charge. [*See* Doc. 1-1; Doc. 1-1 Exhibit A; Doc. 20.] Thus, to the extent she alleges

gender discrimination under Title VII, Oliver has not met her burden to show that this Court has

subject matter jurisdiction over that claim.

### F. Piercing the Corporate Veil

Finally, the Defendants move to dismiss all claims asserted against Defendants Davita, Inc.

and Renal Treatment Centers-Illinois, Inc.  They argue that Oliver fails to plead sufficient facts to

justify piercing the corporate veil and to hold Davita and Renal Treatment Centers-Illinois liable for

the acts of their subsidiary company, St. Luke's Dialysis. [Doc. 4-1 at 11.] In response to this

argument, Oliver says that the doctrine of *respondeat superior* applies to hold a parent company

liable for the actions of its subsidiaries.  Oliver adds, in the alternative, that the basis for the parent

companies' liability is a matter better addressed after further discovery. [Doc. 20 at 5-6.]

It is a general principle of corporate law that a parent corporation or owner is not liable for

the acts of its subsidiaries.  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).  The Sixth Circuit,

however, has allowed for the piercing of the corporate veil where "two or more coexisting

[companies] are in fact one business, separated only in form." *UAW v. Aguirre,* 410 F.3d 297, 301

(6th Cir. 2005).  Thus, under Ohio law, "the corporate form may be disregarded and individual

shareholders held liable for corporate misdeeds when (1) control over the corporation by those to be

---

[3]On what is essentially a motion to dismiss for lack of subject matter jurisdiction, a court may look beyond the pleadings.  *Nichols*, 318 F.3d at 677.

-11-

Case No. 1:10-CV-2667
Gwin, J.

held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 605 (6th Cir. 2005) (citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 617 N.E.2d 1075, 1086 (Ohio 1993)).

Here, Oliver asserts no factual allegations that, if proven true, would justify holding Defendants Davita and Renal Treatment Centers-Illinois liable for the alleged wrongdoing of their subsidiary, Defendant St. Luke's Dialysis.  Indeed, Oliver makes no argument at all, under any prong of the Sixth Circuit's test for piercing the corporate veil, that would permit discovery on this theory of recovery. [*See* Doc. 1-1.] Even under the less stringent pleading standard afforded *pro se* plaintiffs, Oliver's failure to give any indication that the corporate veil should be pierced as to the defendant parent companies is fatal to her claims against them.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendants' motion to dismiss Oliver's state law age discrimination claim.  The Court also **GRANTS** the Defendants' motion to dismiss Oliver's ADEA claims as against Defendants Hutchins and Vogt in their individual capacities, failure to train claim, claims under O.R.C. § 3319.02, Title VII gender discrimination claim, and claims against Defendants Davita, Inc. and Renal Treatment Centers-Illinois, Inc.  Finally, the Court **GRANTS** the Defendants' motion for a more definite statement of Oliver's gender discrimination claim under Ohio state law and 42 U.S.C. § 1981, and grants Oliver leave to amend her complaint

-12-

Case No. 1:10-CV-2667
Gwin, J.

as to that claim.  Oliver has leave, until April 25, 2011, to file an amended complaint.

      IT IS SO ORDERED.


Dated: April 5, 2011                      s/        James S. Gwin
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE